# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENNIE GREEN,**

    **Plaintiff,**

v.                                                               Case No. 21-CV-343

**BRIAN HAYES, DAISY CHASE,**
**SALLY PEDERSON, and**
**TONY EVERS,**

    **Defendants.**

## ORDER

Plaintiff Bennie Green, who is incarcerated at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Green's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.**     **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Green was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 17, 2021, the court ordered Green to pay an initial partial filing fee of $3.59 by April 7, 2021. (ECF No. 4.) Green paid that fee on April 12, 2021. The court will grant Green's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**2.     Screening of the Complaint**

   *2.1     Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is *factually* frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange," do not meet this standard. *Id.* (quoting *Denton*, 504 U.S. at 33). A claim is *legally* frivolous if it is "based on an indisputably meritless legal theory." *Id.* (quoting *Neitzke*, 490 U.S. at 327-28). A "malicious" complaint is one brought for purposes of harassment. *Heard*

v. *Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2    Green's Allegations*

Green alleges that on September 1, 2020, defendant Brian Hays issued a revocation order and warrant "commanding in the state of Wisconsin, the execution of the order to apprehend and hold Green and transport him into the custody of [defendant] Superintendent Daisy Chase, at the Dodge Correctional Institution." (ECF No. 1 at 3-4.) Green alleges he is "a sovereign citizen naturalized in the United States of America. The State of Wisconsin is also sovereign in Authority and Power. Green never knowingly or wittingly entered into an International Treaty with the State of Wisconsin or its agents." (*Id.* at 4.) As such, Green asserts he is being unlawfully held at Dodge in violation of his rights. (*Id.* at 5.) On February 18, 2021, he petitioned defendant Senior Administrative Law Judge Sally Pederson and Wisconsin Governor Tony Evers for release on the grounds that he is a sovereign citizen, but his petitions were unsuccessful. (*Id.* at 4.)

*2.3    Analysis*

Green appears to be an adherent to the "Sovereign Citizens" movement, *See El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 750 (7th Cir. 2013). The United States Court of Appeals for the Seventh Circuit has instructed that claims or arguments involving theories of individual sovereignty "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Accordingly, Green brings a frivolous claim, and the court dismisses his case.

### 3. Conclusion

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Green's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Green shall collect from his institution trust account the $346.41 balance of the filing fee by collecting monthly payments from Green's prison trust account in an amount equal to 20% of the preceding month's income credited to Green's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Green is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Green is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 25th day of May, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge